VALENTINE A. RYAN, Appellant, *against* THE MANUFACTURERS' AND MERCHANTS' BANK, Respondent.

(Decided June 7th, 1880.)

A banking company is not liable for false representations alleged to have been made by its president, but not shown to have been known to him at the time to be untrue. Per LARREMORE, J.

As it is not a part of the general business of a bank to act as an agent in the employment of attorneys to bring suit upon a draft deposited with it for collection, or in the compromise of such a claim, it is not liable for representations alleged to have been made by its president in respect of such a matter, as to which it has not conferred upon him any special authority, and has not been in any way benefited by his acts.

APPEAL from a judgment of this court entered upon a dismissal of the complaint by the judge at the trial.

The facts are stated in the opinion.

*Charles Matthews*, for appellant.

*Thomas G. Shearman*, for respondent.

LARREMORE, J.—The complaint shows that on August 6, 1878, plaintiff left with defendant for collection a draft on the Imperial Bank of London for £1,000, made and indorsed by A. Brown. That the defendant collected and received thereon $4,848.42, and, by a false representation that the collection thereof would involve great trouble and expense, induced plaintiff to accept $2,500 in full for the same, when in fact the full amount of said draft had then been paid to the defendant. The plaintiff demands judgment for the balance of such alleged collection, $2,648.42.

The complaint was dismissed on the trial, to which plaintiff excepted.

It appears by the evidence that after the draft had been protested, plaintiff directed Mr. Pool, the president of the de-

fendant, to return it to London and sue upon it through a London solicitor to be selected by Mr. Pool.

Subsequently, and on January 23, 1879, Mr. Pool informed plaintiff that the maker of the draft would not pay without suit, but might compromise for 50 per cent. of the claim. Plaintiff thereupon signed the paper of January 23, 1879, agreeing to take $2,500 net.

Mr. Pool gave the draft to Mr. Wentworth, a New York lawyer, telling him that he could have one-half of the amount if he collected the draft. Plaintiff drew his check for $300, for fees in the suit, and on May 27, 1879, after having been shown a full statement of the whole amount collected by Wentworth, gave to him a receipt for $2,800. Plaintiff then had full knowledge of the amount collected and of the agency of Mr. Wentworth therein.

The testimony fails to show that the representations alleged to have been made by Mr. Pool were known to him to be untrue. In any event it would be necessary that these facts should co-exist before he could be charged with liability personally, or the defendant through his agency (*Atkins* v. *Elwell*, 45 N. Y. 760; *Marsh* v. *Falker*, 40 N. Y. 562).

But no liability on the part of the defendant is disclosed by the evidence. It was no part of its general business to act as an agent, through its president, in selecting attorneys and compromising claims for outside parties. The most that can be argued from the transaction between the plaintiff and Mr. Pool is, that he acted as the agent of the plaintiff and not of the defendant, who had not conferred upon him any special authority in the matter, and was not in any way benefited by his acts.

I think the judgment appealed from should be affirmed.

VAN BRUNT, J.—I concur upon the last ground mentioned in the foregoing opinion.

Judgment affirmed, with costs.